UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HARDY, #159525,

    Plaintiff,               CIVIL ACTION NO. 10-14712

  v.                           DISTRICT JUDGE JOHN CORBETT O'MEARA

MARK FERGUSON and        MAGISTRATE JUDGE MARK A. RANDON
BRIAN McLAUGHLIN,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (DKT. NO. 21)**

**I. INTRODUCTION**

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff David Hardy, a Michigan prisoner, filed suit against two police officers alleging that their violations of his constitutional rights resulted in his convictions on several state gun charges. Plaintiff has separately filed a petition for writ of habeas corpus, which is pending before Judge George Caram Steeh (Case No. 10-14310). Because Plaintiff has not obtained habeas relief or other invalidation of his underlying convictions, **IT IS RECOMMENDED** that Defendants' motion to dismiss and/or for summary judgment (Dkt. No. 21) be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITHOUT PREJUDICE**.

## II. FACTS

Plaintiff was convicted following a jury trial of being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f, felony firearm, Mich Comp. Laws, § 750.227b, carrying a pistol in a vehicle (CCW), Mich. Comp. Laws § 750.227, driving while license suspended, Mich. Comp. Laws § 257.904(1)(b), and the unlawful use of a license plate, Mich. Comp. Laws § 257.256.

As cogently summarized by the Michigan Court of Appeals, Plaintiff's jury trial established the following facts regarding the conduct of Defendants Ferguson and McLaughlin (collectively "Defendants"):

> On April 19, 2007, Pontiac police officer Mark Ferguson stopped defendant who was accompanied by two female passengers while he was driving a 1992 Buick with improper license plates. The Buick was registered to defendant's mother. Officer Ferguson approached defendant and asked him for his license, registration and insurance. Defendant provided Ferguson his driver's license, but claimed that he had no other paper work. Ferguson asked defendant to look inside the glove box two or three times, but defendant kept insisting he had no further paperwork. Ferguson testified that while being asked to look for the paperwork, defendant was hesitant, nervous, and sweating. Defendant admitted at trial that he was nervous during his encounter with Ferguson, not because he had done something wrong, but only from the fact of being stopped by the police. After Ferguson determined defendant's license was suspended, he arrested defendant and placed him in the back of the patrol car. Ferguson released the passengers, impounded the Buick, and conducted an inventory search pursuant to police department policy. Ferguson found a loaded .38 caliber revolver in the glove box of the Buick.
>
> While being transported to the police station, defendant told Ferguson that the gun belonged to his father, who had a permit for it. Defendant also told Ferguson that he had been jumped on the street two times. Defendant testified that he did not make a statement in the exact words to which Ferguson testified, but rather

> that he said, "If there was [a gun] in there it was my father's."
> Defendant acknowledged that he told Ferguson the gun was
> registered and also that the gun admitted at trial looked like his
> father's gun
>
> * * *
>
> Sergeant Brian McLaughlin contacted defendant in a holding cell
> in the booking area of the police department. McLaughlin
> interviewed defendant after taking him out of the holding cell and
> moving to a table and chairs in the back of the booking area.
> McLaughlin testified that he advised defendant of his Miranda
> rights from a police department form that defendant signed.
> Defendant stated that the gun was in the glove box about one and a
> half years after having been placed there by an old girlfriend of his.
> Defendant also stated he thought that the gun was loaded.
> McLaughlin asked defendant why the gun was in the Buick.
> Defendant responded that he had been jumped and assaulted and
> that everyone had the right of self-protection. McLaughlin testified
> defendant never did acknowledge putting the gun in the car. After
> the oral interview, McLaughlin asked defendant to write out a
> statement.

*People v. Hardy*, No. 287181, 2010 WL 480999, at * 1-2 (Mich. Ct. App. Feb 11, 2010)(footnote omitted).

### III. ANALYSIS

In this case, Plaintiff challenges the search of his vehicle that resulted in the discovery of the gun and the voluntariness of his statement. Specifically, Plaintiff alleges that Ferguson should have told him he was entitled to an "Interim Bond" or turned his vehicle over to Plaintiff's father instead of immediately searching it. (Dkt. No. 1, ECF pp. 6-7). Plaintiff also alleges that – prior to giving his statement – McLaughlin threatened to have other officers falsely pin a murder charge on him when he initially indicated that he wanted an attorney. *Id*. at 7. As a result of the alleged threat, Plaintiff says he declined counsel and gave McLaughlin a confession. *Id.*

### A. Plaintiff's Claim is barred by the *Heck* Rule

"Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions." *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007). As a consequence, the Supreme Court has instructed, "[A] state prisoner's claim for damages [and declaratory relief] is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

Plaintiff's state court appeals of his convictions have all been denied, and his habeas petition has not been decided. It is also clear to this Magistrate Judge that a ruling in his favor in this case would imply the invalidity of his conviction, as it seems unlikely the convictions could stand absent the search, which yielded the gun. As such, this case must be dismissed.[1]

### B. The Dismissal Should be Without Prejudice

Defendants seek a dismissal with prejudice. On this issue, the opinion of the United States Supreme Court in *Wallace v. Kato*, 549 U.S. 384 (2007) is instructive. There, the Supreme Court held that the statute of limitations on a § 1983 action is not equitably tolled while a habeas petition (or other attempt to challenge an underlying conviction) is pending. Therefore, the court ruled that a plaintiff was still required to timely file a § 1983 action even though habeas corpus relief had not yet been obtained. Upon timely filing a § 1983 action, the court reasoned

---

[1] Plaintiff raises other grounds for dismissal which need not be addressed, in light of this Magistrate Judge's recommendation based on *Heck*.

that a plaintiff could then either request a stay of proceedings – which Plaintiff sought but this Court denied (Dkt. No. 14) – or re-file once the action is dismissed without prejudice following a *Heck* challenge. In *Wallace*, the Supreme Court further indicated that, in the latter situation, a plaintiff would not be barred from re-filing the § 1983 action (after obtaining habeas relief) – even if the statue of limitations had expired during the pendency of the habeas petition – reasoning as follows:

> [h]ad petitioner filed suit upon his arrest and had his suit then been dismissed under *Heck*, the statute of limitations, absent tolling, would have run by the time he obtained reversal of his conviction. If under those circumstances he were not allowed to refile his suit, *Heck* would produce immunity from § 1983 liability, a result surely not intended. Because in the present case petitioner did not file his suit within the limitations period, we need not decide, had he done so, how much time he would have had to refile the suit once the *Heck* bar was removed.

*Id*. at 395, n. 4. Because Plaintiff's habeas petition is pending, dismissal of this case should be without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' motion to dismiss and/or for summary judgment (Dkt. No. 21) be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v.*

*Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
Mark A. Randon
United States Magistrate Judge

Dated: January 19, 2012

<u>*Certificate of Service*</u>

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, January 19, 2012, by electronic and/or ordinary mail.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*